Before GRAUPNER, LITTLETON, and SMITH.

GRAUPNER: The Commissioner moved to dismiss this appeal upon the ground that the Board was without jurisdiction on account of the petition not having been filed within 60 days after the mailing of the deficiency notice by the Commissioner to the taxpayer. The essential facts for consideration are as follows:

The Commissioner of Internal Revenue mailed the notice of deficiency to the above-named taxpayer on July 7, 1924. The notice was inclosed in an official envelope addressed to the taxpayer at 316 Fourth Avenue, Pittsburgh, Pa. The notice bore no date upon its face. However, it was received by the taxpayer in Pittsburgh on July 8. The taxpayer, in his petition on appeal, erroneously stated that the letter was mailed on July 6. As a defense to the motion to dismiss, the taxpayer contends that the Commissioner is estopped from asserting that the petition was not filed within 60 days because the deficiency notice bore no date.

It is our opinion that this defense is without merit. Section 274(a) of the Revenue Act of 1924 provides that " within sixty (60) days after such notice is mailed the taxpayer may file an appeal." From this language it is obvious that it does not matter what date is stamped or printed on the face of the notice. The date from which the time begins to run is the date of mailing. Therefore, as the facts show that the notice was mailed on the 7th day of July and that the appeal was not filed until the 6th day of September, the appeal was not filed until the sixty-first day after the notice was mailed. This, therefore, obliges us to dismiss the appeal, upon the authority of the *Appeal of Sam Satovsky*, 1 B. T. A., 22, *Appeal of Hatch & Bailey Co.*, 1 B. T. A., 25, and *Appeal of William Frantze & Co., Inc.*, 1 B. T. A., 26.

---

Appeal of MRS. CHARLES F. DEAN,          Docket No. 88.
Executrix, estate of Charles F. Dean.

Submitted October 17, 1924; decided October 24, 1924.

Francis Dean, Esq., for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

At the hearing of this appeal the taxpayer did not appear and no evidence was submitted. The appeal can, therefore, be decided only upon the facts which were alleged in the petition and admitted in the answer of the Commissioner.

From the allegations of the petition, admitted by the Commissioner, the Board makes the following

FINDINGS OF FACT.

Mrs. Charles F. Dean is the executrix of the estate of Charles F. Dean, deceased. During the years 1919 and 1920 the said Charles F. Dean, in his lifetime, paid certain taxes on property belonging to

his wife, and in his income tax returns for the respective years took a deduction on account of the said payments. These deductions the Commissioner has disallowed.

The taxes in controversy are income taxes for the calendar years 1919 and 1920 and are less than $10,000.

DECISION.

The determination of the Commissioner is approved.

---

### Appeal of THE HOTEL DE FRANCE CO.     Docket No. 58.

Exhaustion of a leasehold acquired by a corporation in 1918 for capital stock is based upon the value of the stock when issued.

The value of a leasehold on a given date is a question of fact which must be determined in the light of the evidence in the record before the Board.

Where the term of the life of a leasehold can be accurately determined, the deduction for its exhaustion must be computed accurately in accordance with such term.

Corporate organization expenses are no part of the cost of a leasehold acquired at the time of such organization, and may not be included in the basis for the allowance for exhaustion.

Where it appears to the Board from the record that the deficiency determined by the Commissioner is incorrect the Board will, where possible, find the correct deficiency, whether greater or less.

Submitted October 13, 1924; decided October 27, 1924.

*M. L. Seidman, C. P. A.*, for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

The appeal involves the correct determination of income taxes for 1920 and 1921, particularly in respect of the amount of the taxpayer's deduction for the annual exhaustion of a leasehold. The issue is one of fact as to the cost of the leasehold to the taxpayer. Hearing was had, at which no witnesses appeared, and the evidence consisted of two contested affidavits offered in behalf of the taxpayer and the revenue agent's report containing facts agreed to by both parties.

FINDINGS OF FACT.

The Hotel de France Co. is a corporation of New York, organized on October 10, 1918, and has since that date conducted a hotel at 142 West Forty-ninth Street, New York City. It occupies the building under a lease expiring May 28, 1925, the rental being $30,000 a year. This lease was acquired by the taxpayer as one of the original assets for which its capital stock was issued.

In 1910 the lease was made for 15 years. The first lessee occupied the premises until August, 1918, when it became bankrupt and a receiver took over the business, including the lease. On October 9, 1918, pursuant to an order of the court, the receiver caused a public auction sale to be conducted of all the assets of the